**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KELLY,<br><br>                  Plaintiff,<br><br>                  v.<br><br>COLONEL PATRICK J. CALLAHAN, *et al.*,<br><br>                  Defendants. | Civil Action No. 23-4022 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon Defendants Colonel Patrick J. Callahan ("Callahan") and Major Eric De Los Santos's ("De Los Santos") (collectively "Defendants") Motion to Dismiss Plaintiff Brian Kelly's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 7.) Plaintiff opposed (ECF No. 8), and Defendants replied (ECF No. 9). The Court has considered the parties' arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Complaint is dismissed without prejudice.

**I.    BACKGROUND**

    Plaintiff is a New Jersey resident. (*See* Compl., ECF No. 1-1.) Callahan is the "acting superintendent of the [New Jersey State Police]" (*id.* ¶ 5), while De Los Santos is a "superintendent of the [New Jersey] Department of Law and Public Safety" (*id.* ¶ 7).

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

In 2014, Plaintiff pled guilty to "endangering the welfare of a child" and "criminal sexual contact." (*Id.* ¶¶ 1-2.) In 2018, at a "tier classification hearing," Plaintiff was allegedly given a "tier status of 61," making him a Tier 2 sex offender. (*Id.* ¶ 2.) Plaintiff asserts that, at the hearing, the trial judge determined that Plaintiff "[would] not be included in" the Internet Sex Offender Registry ("Internet Registry") under N.J.S.A. 2C:7-13(d)(3).[2] (*Id.*) Plaintiff claims that both the court and the State confirmed Plaintiff would not appear on the Internet Registry. (*Id.* ¶¶ 3-4.) Nevertheless, Plaintiff asserts he discovered, via a third party, that he appeared on the Internet Registry. (*Id.* ¶ 5.)

On June 13, 2023, Plaintiff commenced this action in New Jersey Superior Court. (*See* eCourts Civil Case Jacket, Docket No. MON-L-1828-23, ECF No. 1-4.) Plaintiff alleges that his placement on the Internet Registry violated his "substantive and procedural due process rights." (Compl. ¶ 8.) Defendants timely removed the action (*see* Notice of Removal, ECF No. 1), and later moved to dismiss (*see generally* Defs.' Moving Br., ECF No. 7-1). Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 8), and Defendants replied (Defs.' Reply, ECF No. 9).

## II.     LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify

---

[2] Under N.J.S.A. 2C:7-13, a sex offender is exempt from the Internet Registry if their "sole sex offense [was]. . . [a] conviction . . . in any case in which the victim assented to the commission of the offense but by reason of age was not capable of giving lawful consent." N.J.S.A. 2C:7-13(d)(3).

"the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION

In moving to dismiss Plaintiff's Complaint, Defendants contend that: (1) they are not "persons" subject to § 1983 liability; (2) they have Eleventh Amendment immunity; (3) Plaintiff does not establish Callahan's personal involvement in any unconstitutional conduct; and (4) Defendants have qualified immunity. (*See generally* Defs.' Moving Br.) The Court does not reach the issues of personhood and immunity because the allegations in Plaintiff's Complaint fail to meet the Rule 8(a)(2) pleading standard.

The Complaint includes two unspecified and unnamed counts which broadly allege that Plaintiff's appearance on the Internet Registry violated his "substantive and procedural due process rights under the [Fourteenth] Amendment. . . ." (*See* Compl ¶ 8.) Though the Complaint does not

"rely on or cite to 42 U.S.C. § 1983—the [statutory] vehicle most commonly used for recovering compensatory damages for Constitutional violations," the Court nevertheless infers that Plaintiff brings a § 1983 claim for procedural and substantive due process violations. *See Beauvil v. McKeon*, No. 18-991, 2018 WL 4204447, at *3 (D.N.J. Sept. 4, 2018) (inferring that "[p]laintiffs intend[ed] to bring a § 1983 claim" where they failed to expressly invoke § 1983); *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim.").

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." *Robinson v. Paulhus*, No. 19-12572, 2021 WL 288577, at *4 (D.N.J. Jan. 28, 2021) (quoting U.S. CONST. amend. XIV § 1). "The core of due process is the protection against arbitrary governmental action and has procedural and substantive components." *Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000) (citation omitted). To show a violation of procedural due process under § 1983, a plaintiff must allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Similarly, to show a violation of substantive due process under § 1983, a plaintiff must adequately allege that: (1) "the particular interest at issue is protected by the substantive due process clause," and (2) "the government's deprivation of that protected interest shocks the conscience." *N.C. v. Div. of Child Prot. & Permanency*, No. 18-2498, 2022 WL 228291, at *3 (D.N.J. Jan. 25, 2022) (quoting *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018)). In other words, to demonstrate a violation of procedural or

substantive due process, Plaintiff must first "clearly identify what the nature of [his] interest . . . was and why that interest was constitutionally protected." *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *3 (D.N.J. Feb. 1, 2024); *see also Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 663 (3d Cir. 2011) ("Although the interests protected by procedural due process are much broader than those protected by substantive due process, if there is no constitutionally protected interest, our inquiry stops." (citation omitted)).

Plaintiff fails to do so. Beyond a conclusory assertion that appearing on the Internet Registry violates his "substantive and procedural due process rights" (Compl. ¶ 8), Plaintiff does not identify the constitutionally protected interest Defendants allegedly deprived him of.[3] (*See generally* Compl.) The Court will not guess what interests Plaintiff seeks to vindicate, and without more, "Defendants are not fairly put on notice of the allegations against them." *Luciani*, 2024 WL 383980, at *3 (citing *Twombly*, 550 U.S. at 555).

Plaintiff also does not allege Defendants' personal involvement in listing Plaintiff on the Internet Registry. Under § 1983, Plaintiff must "plead facts which would show that the named defendants had personal involvement in the alleged wrongs." *Richardson v. N.J. Dep't of Corr.*, No. 20-679, 2023 WL 1368015, at *2 (D.N.J. Jan. 31, 2023) (quoting *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015)). To establish personal involvement, a plaintiff must show the "defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct." *Chavarriaga*, 806 F.3d at 222 (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1201 n.6 (3d Cir. 1988)).

---

[3] While the Court understands that Plaintiff is requesting to not be listed on the Internet Registry, Plaintiff does not specify whether the Constitution protects such an interest.

Here, the Complaint merely states that Callahan "specifically endorsed" the Internet Registry (Compl. ¶ 5), but pleads no facts suggesting that Callahan participated in adding Plaintiff to the Internet Registry or even knew Plaintiff was on the Internet Registry in the first place. As for De Los Santos, Plaintiff makes one threadbare legal conclusion—that De Los Santos's purported failure to prevent Plaintiff from appearing in the Internet Registry "caused [Plaintiff] significant damages." (Compl. ¶ 7.) This "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to adequately allege De Los Santos's personal involvement. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Without knowing the wrongful conduct they are alleged to have engaged in, the individual[] Defendants have not been given fair notice of the allegations against them." *Darby v. N.J. Dep't of Corr.*, No. 20-1360, 2022 WL 2347145, at *4 (D.N.J. June 29, 2022).

Because Plaintiff has not identified the constitutionally protected interest Defendants allegedly deprived him of and how Defendants were personally involved, dismissal is warranted. If Plaintiff files an Amended Complaint, as he will be given the opportunity to do, he should "take care to outline" exactly what constitutionally protected interests were violated, and how Defendants were personally involved in such violations. *Luciani*, 2024 WL 383980, at *4. As the Court "cannot decipher what specific constitutional violations Plaintiff alleges, . . . the Court will not venture into Defendants' [personhood and immunity] arguments." *Id.* Defendants may, however, reassert these arguments in a subsequent motion to dismiss.

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice. Plaintiff will be allowed an opportunity to file an Amended Complaint. An accompanying Order will follow.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE