**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN KELLY,<br><br>        Plaintiff,<br><br>        v.<br><br>COLONEL PATRICK J. CALLAHAN, *et al.*,<br><br>        Defendants. | Civil Action No. 23-4022 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Colonel Patrick J. Callahan ("Callahan") and Major Eric De Los Santos's ("De Los Santos") (collectively, "Defendants") Motion to Dismiss (ECF No. 14) Plaintiff Brian Kelly's ("Kelly" or "Plaintiff") Amended Complaint (ECF No. 13). Plaintiff opposed (ECF No. 15), and Defendants did not reply. After careful consideration of the parties' submissions, the Court decides Defendants' motion without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons outlined below, the Court grants Defendants' Motion to Dismiss.

I.    **BACKGROUND**

    A.    **Factual Background**[1]

In its Opinion today, the Court focuses on the additional allegations that Plaintiff brought in his Amended Complaint and whether such additions render Plaintiff's Amended Complaint capable of surviving Defendants' Motion to Dismiss. As such, the Court adopts and incorporates

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

the background set forth in the Court's Memorandum Opinion dated April 1, 2024 (the "April 2024 Opinion"), dismissing Plaintiff's complaint. (Mem. Op., ECF No. 11.) For the sake of clarity, the Court recounts certain factual allegations below.

Plaintiff is a New Jersey resident. (*See* Am. Compl., ECF No. 13.) Callahan is the "acting superintendent of the [New Jersey State Police]" (*id.* ¶ 5), while De Los Santos is a "superintendent of the [New Jersey] Department of Law and Public Safety" (*id.* ¶ 11).

In 2014, Plaintiff pled guilty to "endangering the welfare of a child" and "criminal sexual contact." (*Id.* ¶¶ 1-2.) In 2018, at a "tier classification hearing," Plaintiff was allegedly given a "tier status of 61," making him a Tier 2 sex offender. (*Id.* ¶ 2.) Plaintiff asserts that, at the hearing, the trial judge determined that Plaintiff "[would] not be included in" the Internet Sex Offender Registry ("Internet Registry") under N.J.S.A. 2C:7-13(d)(3). (*Id.*) Plaintiff claims that both the court and the State confirmed Plaintiff would not appear on the Internet Registry. (*Id.* ¶¶ 3-4.) Nevertheless, Plaintiff discovered, via a third party, that he appeared on the Internet Registry. (*Id.* ¶ 5.)

### B.    The Court's Previous Opinion

In the April 2024 Opinion, the Court granted Defendants' motion to dismiss in its entirety, holding that "Plaintiff [did] not identif[y] the constitutionally protected interest Defendants allegedly deprived him of and how Defendants were personally involved." (Mem. Op. 6) The Court accordingly dismissed the complaint without prejudice, and Plaintiff timely filed the Amended Complaint. (*See* Am. Compl.)

### C.    Plaintiff's Amended Complaint

In Plaintiff's Amended Complaint, Plaintiff adds two paragraphs attempting to remedy the deficiency the Court identified regarding Plaintiff's constitutionally protected interest and two

paragraphs to address the deficiency the Court identified regarding Defendants' personal involvement. (*Id.* ¶¶ 6-9.) Otherwise, the Amended Complaint is the same as the original complaint. (*See generally id.*)

Regarding the constitutionally protected interest, Plaintiff alleges that "[D]efendants' actions amount to a violation of the substantive and procedural due process rights under the [Fourteenth] Amendment of the United States and State [C]onstitution."[2] (*Id.* ¶ 6.) Plaintiff adds the following quote from *L.A. v. Hoffman*, 144 F. Supp. 3d 649 (D.N.J. 2015), presumably to support his allegations concerning a constitutional protection:

> [A]lleged possible injury to sex offenders from being required to register on internet registry was significantly greater than possible harm to state from failing to require a sex offender who should have been registered to register on internet, and thus sex offenders sufficiently alleged that only requiring state to prove compulsivity and repetitiveness, which were required for internet registration, by a preponderance of the evidence, rather than by clear and convincing evidence, may have deprived them of due process; sex offenders required to register on internet registry were faced with an immediate and significant deprivation of liberty and faced stigma that put their livelihood, domestic tranquility, and personal relationships in grave jeopardy, and state had several other safeguards in place, such as registering with local law enforcement and provision for risk assessment hearings, that protected the public in addition to the internet registry.

(*Id.* ¶ 6.) Plaintiff also alleges that the state's actions are "even more egregious" here because Plaintiff's tier was well established and "the state's reckless disregard of the plaintiff's status clearly confirmed to [sic] the implications found in *Hoffman* with regard to the significance of the due process violation." (*Id.* ¶ 7.)

Plaintiff's amended allegations regarding personal involvement allege that Defendants "were in authority and responsible for overseeing the administration of the [I]nternet [R]egistry

---

[2] It is not clear to the Court what relief Plaintiff seeks for this alleged violation.

and their failure to take responsibility for overseeing the [I]nternet [R]egistry and monitoring it sufficiently to avoid a significant lapse result[ed] in [Plaintiff] being placed in the [I]nternet [R]egistry." (*Id.* ¶ 8.) Plaintiff further alleges that Defendants "failed to properly train and/or supervise their subordinates so as to ensure that the [I]nternet [R]egistry was properly monitored and by failing to do so [P]laintiff was deprived of his constitutional rights." (*Id.* ¶ 9.)

Defendants moved to dismiss the Amended Complaint for failure to state a claim (Defs.' Moving Br., ECF No. 14-1), and Plaintiff replied (Pl.'s Opp'n Br., ECF No. 15).

## II.    LEGAL STANDARD

### A.    Rule 12(b)(6) Standard

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   **DISCUSSION**

In moving to dismiss Plaintiff's Amended Complaint, Defendants contend that: (1) Plaintiff fails to establish Defendants' personal involvement; (2) Defendants are entitled to qualified immunity; (3) Defendants are not "persons" subject to § 1983 liability; and (4) Defendants have Eleventh Amendment immunity. (*See generally* Defs.' Moving Br.) Plaintiff does not meaningfully oppose Defendants' motion, stating "Plaintiff believes that he has satisfied Rule 8(a)(2) . . . ." (*See generally* Pl.'s Opp'n Br.) As in the April 2024 Opinion, the Court does not reach the issues of personhood and immunity because even with Plaintiff's additional allegations, the Amended Complaint does not meet the Rule 8(a)(2) pleading standard.

Even though the Amended Complaint still does not "rely on or cite to 42 U.S.C. § 1983—the [statutory] vehicle most commonly used for recovering compensatory damages for Constitutional violations," the Court nevertheless infers once again that Plaintiff brings a § 1983 claim for procedural and substantive due process violations. *See Beauvil v. McKeon*, No. 18-991, 2018 WL 4204447, at *3 (D.N.J. Sept. 4, 2018) (inferring that "[p]laintiffs intend[ed] to bring a § 1983 claim" where they failed to expressly invoke § 1983); *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) ("[N]o heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim.").

The Court begins by analyzing whether Plaintiff remedied the insufficiencies that the Court identified in its April 2024 Opinion. (*See generally* Mem. Op.)

### A.    Constitutionally Protected Interest

Plaintiff added to the Amended Complaint a quote from *Hoffman*, in an apparent attempt to establish that the Constitution protects Plaintiff's right to not be listed on the Internet Registry and further alleges that the instant case is "even more egregious" than *Hoffman*. (Am. Compl. ¶¶ 6-7.) Defendants argue that Plaintiff has not adequately pled such a constitutionally protected interest because he does not plead any alteration to legal status along with his alleged reputational or stigmatic injury. (Defs.' Moving Br. 14-19.) It is not clear to the Court, however, whether Plaintiff actually intends to plead a reputational injury, and for the reasons below, finds that the Amended Complaint fails to adequately plead a constitutionally protected interest.

The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property, without due process of law." *Robinson v. Paulhus*, No. 19-12572, 2021 WL 288577, at *4 (D.N.J. Jan. 28, 2021) (quoting U.S. CONST. amend. XIV § 1). "The core of due process is the protection against arbitrary governmental action and has procedural and substantive components." *Boyanowski v. Cap. Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir. 2000) (citation omitted). To state a claim for a violation of procedural due process under § 1983, a plaintiff must adequately allege that: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property[;]' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Similarly, to show a violation of substantive due process under § 1983, a plaintiff must adequately allege that: (1) "the particular interest at issue is protected by the substantive due

process clause[;]" and (2) "the government's deprivation of that protected interest shocks the conscience." *N.C. v. Div. of Child Prot. & Permanency*, No. 18-2498, 2022 WL 228291, at *3 (D.N.J. Jan. 25, 2022) (quoting *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018)). In other words, to demonstrate a violation of procedural or substantive due process, Plaintiff must first "clearly identify what the nature of [his] interest . . . was and why that interest was constitutionally protected." *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *3 (D.N.J. Feb. 1, 2024); *see also Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 663 (3d Cir. 2011) ("Although the interests protected by procedural due process are much broader than those protected by substantive due process, if there is no constitutionally protected interest, our inquiry stops." (citation omitted)).

After the *Hoffman* quote, Plaintiff alleges that the state's actions are "even more egregious" here because Plaintiff's tier was well established and "the state's reckless disregard of [Plaintiff's] status clearly confirmed to [sic] the implications found in *Hoffman* with regard to the significance

As an initial matter, it is unnecessary to recite case law in a complaint. Plaintiff adds a long block quote from *Hoffman* to the Amended Complaint, presumably to support his allegations concerning a constitutionally protected interest. (*See* Am. Compl. ¶ 6.) In a complaint at the motion to dismiss stage, however, "[f]actual allegations alone are what matters." *McMahon v. Volkswagen Aktiengesellschaft*, No. 22-1537, 2023 WL 4045156, at *20 (D.N.J. June 16, 2023) (citation omitted). Even if the Court were to consider such case law, the quoted language does not come from the court's opinion, but rather from a Westlaw headnote, which itself is not legal authority. *See Tyson v. Jones & Laughlin Steel Corp.*, 958 F.2d 756, 762-63 (7th Cir. 1992) (holding that a Westlaw headnote is "not authority; rather, it is a publisher's interpretation of what the particular court stated").

of the due process violation." (Am. Compl. ¶ 7.) It seems that Plaintiff is attempting to plead a deprivation of liberty similar to that discussed in *Hoffman*, but Plaintiff has not actually pled any facts concerning his own alleged deprivation of liberty.[3] As such, Plaintiff still does not identify the constitutionally protected interest of which Defendants allegedly deprived him. (*See generally* Am. Compl.) Without factual allegations concerning the alleged deprivation at issue in the instant case, "Defendants are not fairly put on notice of the allegations against them." *Luciani*, 2024 WL 383980, at \*3 (citing *Twombly*, 550 U.S. at 555.)

**B.    Personal Involvement**

Plaintiff further alleges that Defendants were in positions of "supervisory authority" and "failed to properly to [sic] train and/or supervise their subordinates so as to ensure that the [I]nternet [R]egistry was properly monitored . . ." and thereby deprived Plaintiff of his constitutional rights. (Am. Compl. ¶¶ 9, 11.) Defendants maintain that Plaintiff's allegations fail to sufficiently allege personal involvement based on "supervisory authority" or "failure to train and/or supervise." (*See* Defs.' Moving Br. 8-11.) For the reasons below, Plaintiff has again failed to allege personal involvement.

To plead a plausible claim for relief under § 1983, a plaintiff must plead facts which, if proven, would show that the named defendants had personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A supervisor or employer may not be held vicariously liable for the actions of his subordinates. *See, e.g., Chavarriaga v. N.J.*

---

[3] Moreover, to the extent Plaintiff intends to plead a reputational or stigmatic injury, he "must show a stigma to his reputation plus deprivation of some additional right or interest" under the "stigma-plus test." *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). For example, Plaintiff must allege facts suggesting that his livelihood was impacted by Defendants' alleged conduct or that he suffered some other change in legal status. *See, e.g., Graham v. City of Philadelphia*, 402 F.3d 139, 142 (3d Cir. 2005) (noting that "the loss of even at-will government employment can satisfy the so-called 'plus' element of a 'stigma[-]plus' liberty interest claim").

*Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Where the allegations are targeted at supervisory officials, a plaintiff seeking to show personal involvement must normally plead facts indicating that the supervisor was directly involved in the wrong; put into place a policy, custom, or practice which caused the constitutional violation alleged; or knew of and acquiesced in the alleged wrong. *See id.*; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). For an acquiescence claim, a plaintiff must show "(1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents[;] and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval." *Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 163 (3d Cir. 2017) (quoting *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000)).

Here, Plaintiff does not aver that Defendants were directly involved in or participated in adding Plaintiff to the Internet Registry. Plaintiff also does not mention any policy, custom, or practice that Defendants or their subordinates allegedly violated, let alone that Defendants put such a policy in place. With respect to an acquiescence claim, Plaintiff does not allege that Defendants even knew Plaintiff was on the Internet Registry in the first place or that there was any pattern concerning individuals who should not have been on the Internet Registry nevertheless being placed on the Internet Registry. As such, Plaintiff has only provided conclusory statements regarding Defendants' alleged supervisory liability, and without any "factual enhancement," Plaintiff's claims are insufficient to plead Defendants' personal involvement, as required to plead a § 1983 claim. *See Garcia v. City of Perth Amboy*, No. 23-22903, 2024 WL 4038172, at *4 (D.N.J. Sept. 4, 2024) (citing *Twombly*, 550 U.S. at 556).

The Court accordingly dismisses the Amended Complaint without prejudice. The Court will grant Plaintiff another opportunity to amend his complaint and adequately outline for the Court

how "[D]efendants' actions amount to a violation of the substantive and procedural due process rights under the [Fourteenth] Amendment of the United States and State Constitution." (Am. Compl. ¶ 6.)

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss. Plaintiff's Amended Complaint is dismissed without prejudice. The Court will issue an Order consistent with this Memorandum Opinion.


_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE